## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| vs. | ) ) | |
| S.E.I. UNDERGROUND UTILITIES, LLC, and RLM UNDERGROUND, LLC, | ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Clear Blue Specialty Insurance Company ("Clear Blue"), by and through its undersigned attorneys, brings this Complaint for Declaratory Judgment and alleges as follows:

### Nature Of The Action

1.      This is a Complaint for Declaratory Judgment relating to the parties' respective rights and obligations under two policies of liability insurance (the "Policies") that Clear Blue issued to S.E.I. Underground Utilities, LLC ("SEI").

2.      SEI and RLM Underground, LLC ("RLM") have demanded that Clear Blue defend and indemnify them under one or more of the Policies with respect to a lawsuit captioned *City of West Des Moines, Iowa v. RLM Underground, LLC, et al.*, Case No. 22-CV-382 (S.D. Iowa) (the "Underlying Suit").

3.      Clear Blue is currently defending SEI and RLM in the Underlying Suit under one of the Policies (subject to a full reservation of rights), but it disputes that it has any obligation to indemnify SEI or RLM under either of the Policies in connection with any judgment(s) or settlement(s) that might be entered in the Underlying Suit.

**Parties, Venue and Jurisdiction**

4.     Clear Blue is a North Carolina corporation with its principal place of business in Puerto Rico.

5.     Upon information and belief, SEI is a Florida limited liability company with its principal place of business in Florida and whose members are Florida residents.

6.     Upon information and belief, RLM is a Kansas limited liability company with its principal place of business in Kansas and whose members are Kansas residents.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), because SEI and RLM transact substantial business in this District, and the Underlying Suit is pending in this District.

8.     This Court has personal jurisdiction over SEI and RLM, because each transacts substantial business in this District and the Underlying Suit is pending in this District.

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Clear Blue and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10.     This Court has jurisdiction to issue a declaratory judgment pursuant to Federal Rule 57 and 28 U.S.C. § 2201.

11.     An actual, immediate and justiciable controversy exists among the parties regarding the existence and scope of insurance coverage under the Policies with respect to the Underlying Suit.

**The Policies**

12.     Clear Blue issued the following Commercial General Liability Policies to SEI with the following policy periods:

| Policy Number | Policy Period |
|---|---|
| AR01-RS-2102862-00 (the "2021/2022 Policy") | June 8, 2021 to June 8, 2022 |
| AR01-RS-2102862-01 the ("2022/2023 Policy") | June 8, 2022 to June 8, 2023 |

### The 2021/2022 Policy Provisions

13.     The 2021/2022 Policy contains the following Insuring Agreement in Section

I(A)(a):

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.      Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

*      *      *

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    **c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An

Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

\*       \*       \*

14.     The 2021/2022 Policy contains the following Exclusions in Section I(A)(2):

**2.      Exclusions**

This insurance does not apply to:

**a.     Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.     Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**     That the insured would have in the absence of the contract or agreement; or assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement…

\*       \*       \*

**j.     Damage To Property**

"Property damage" to:

\*       \*       \*

**(5)**     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*       \*       \*

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

4

Paragraph (**6**) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\*     \*     \*

**l.**     **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.**     **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**     **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**     "Your product";

**(2)**     "Your work"; or

**(3)**     "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\*     \*     \*

15.     The 2021/2022 Policy contains the following Conditions in Section IV:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*     \*     \*

5

**2.      Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)**    How, when and where the "occurrence" or offense took place;

        **(2)**    The names and addresses of any injured persons and witnesses; and

        **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**    If a claim is made or "suit" is brought against any insured, you must:

        **(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)**    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.**    You and any other involved insured must:

        **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        **(2)**    Authorize us to obtain records and other information;

        **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*      *      *

16.      The 2021/2022 Policy contains the following Definitions in Section VI:

## SECTION V – DEFINITIONS

\*        \*        \*

8.      "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**      It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**      You have failed to fulfill the terms of a contract or agreement; of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

9.      "Insured contract" means:

\*        \*        \*

    **f.**      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\*        \*        \*

13.      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*        \*        \*

16.      "Products-completed operations hazard":

    **a.**      Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**      Products that are still in your physical possession; or

        **(2)**      Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**      When all of the work called for in your contract has been completed.

            **(b)**      When all of the work to be done at the job site has been completed if your contract calls for work at more than

one job site.

    **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.**    Does not include "bodily injury" or "property damage" arising out of:

    **(1)**    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)**    The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)**    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.**    "Property damage" means:

**a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

*     *     *

**22.**    "Your work":

**a.**    Means:

    **(1)**    Work or operations performed by you or on your behalf; and

      **(2)**     Materials, parts or equipment furnished in connection with such work or operations.

  **b.**    Includes:

      **(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

      **(2)**     The providing of or failure to provide warnings or instructions.

*     *     *

17. The 2021/2022 Policy incorporates a Contractors – Professional Liability

Exclusion Endorsement that provides:

> The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:
>
> **1.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:
>
>     **a.** Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
>
>     **b.** Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.
>
> **2.** Subject to Paragraph **3.** below, professional services include:
>
>     **a.** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
>
>     **b.** Supervisory or inspection activities performed as part of any related architectural or engineering activities.

**3.**   Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

\*         \*         \*

18.   The 2021/2022 Policy incorporates a Designated Operations Covered By A

Consolidated (Wrap-Up) Insurance Program Exclusion Endorsement that provides:

**SCHEDULE**

**Description and Location of Operation(s):**

**Any and all consolidated insurance program wrap-up locations**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

**(1)**   Provides coverage identical to that provided by this Coverage Part;

**(2)**   Has limits adequate to cover all claims; or

**(3)**   Remains in effect.

\*         \*         \*

19.   The 2021/2022 Policy incorporates a Pre-Existing Damage – Continuous Or

Progressive Exclusion Endorsement that provides:

This insurance does not apply to any damages because of or related to "bodily injury" or "property damage":

**1.**   Which first existed, or alleged to have first existed, prior to the inception date of this policy; or

**2.**     Which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period; or

**3.**     Which were caused, or are alleged to have been caused, by the same condition or construction defect which resulted in "bodily injury" or "property damage" which first existed prior to the inception date of this policy.

We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.

*          *          *

20.     The 2021/2022 Policy incorporates an Underground Utility Location Condition Endorsement that provides:

The following is added to **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS:**

It is a condition precedent to coverage that before the insured commences any digging, excavation, boring or similar underground work, a local locator service must come to the job site and mark all underground lines, pipes, cables, and/or underground utilities. The insured must obtain proof from the locator service that the area was marked, including the date or service. Digging and/or excavation must begin within thirty (30) days or the locator service must be re- contacted to mark the area again.

If this is not done coverage under this policy is voided for any "suit", claim, loss, costs or expenses arising out of such digging, excavation, boring or similar underground work or operations.

*          *          *

## The 2022/2023 Policy Provisions

21.     The terms, conditions, exclusions and definitions in the 2022/2023 Policy are materially identical to those in the 2021/2022 Policy.

## The Project And The Underlying Suit

22.     Upon information and belief, on or about January 19, 2021, the City of West Des Moines, Iowa (the "City") and RLM entered into an agreement pursuant to which RLM would serve as contractor on a bid package that was part of the City's engineering project (the

11

"Project") – Digital Enterprise Last Mile Conduit Deployment Segment 2, Phase 1 ("Segment 2").

23.     Upon information and belief, on that same date, RLM obtained a performance bond for Segment 2 from NGM Insurance Company ("NGM").

24.     Upon information and belief, on or about February 1, 2021, the City and RLM entered into another agreement pursuant to which RLM would serve as contractor on a bid package that was part of the Project – Digital Enterprise Conduit Deployment Segment 3, Phase 1 ("Segment 3").

25.     Upon information and belief, on that same date, RLM obtained a performance bond for Segment 3 from NGM.

26.     Upon information and belief, in or about March/April 2021, RLM entered into several subcontracts with various entities to provide services and/or materials in connection with the Project, including SEI.

27.     Upon information and belief, SEI's contract with RLM required SEI to have RLM named as an additional insured on certain insurance policies, and it contained an indemnification provision inuring to RLM's benefit.

28.     Upon information and belief, RLM's subcontracts with the other subcontractors are identical to that between RLM and SEI.

29.     Upon information and belief, subsequent to the commencement of work on the Project, the City alleged that RLM failed to perform the work required under the contracts in a timely and competent manner.

30.     Upon information and belief, the City further alleged that the Project contained construction defects, that it was not in compliance with the plans and specifications, and that it

required substantial rework and remediation.

31.     Upon information and belief, the City further alleged that after RLM completed part of the work, it discovered that the work was performed incorrectly such that it was required to remedy some of the known defects through other contractors at greater expense.

32.     Upon information and belief, the City also alleged that it gave RLM several opportunities to fix the issues and defects, but that it failed to do so.  As such, on or about November 23, 2021, the City issued notices of termination to RLM for both Segments 2 and 3 in which it provided a summary of the various deficiencies and defects to the Project.

33.     Upon information and belief, on or about May 9, 2022, SEI sued RLM in a lawsuit captioned *SEI Underground Utilities, LLC v. RLM Underground, LLC*, Case No. 22-CV-2236 (Johnson County, Kansas) (the "Kansas Suit").

34.     Upon information and belief, in the Kansas Suit, SEI alleged causes of action for breach of contract and unjust enrichment/*quantum meruit* due to RLM's failure to pay SEI for the work it performed on the Project.

35.     Upon information and belief, on or about May 26, 2022, RLM filed a counterclaim against SEI in the Kansas Suit in which it alleged causes of action for breach of contract and breach of warranty due to SEI's breach of various duties and obligations under the subcontract between the parties.

36.     Upon information and belief, the Kansas Suit has been stayed in deference to the Underlying Suit (described below).

37.     Upon information and belief, on or about October 13, 2022, the City filed the Underlying Suit against RLM and NGM in Polk County, Iowa.

38.     Upon information and belief, the City alleged causes of action for breach of

contract, breach of warranty and indemnity against RLM for its faulty/defective work on the Project.

39.     Upon information and belief, the City also alleged a cause of action for breach of contract and indemnity against NGM for payment under the performance bonds.

40.     Upon information and belief, on or about November 2, 2022, NGM filed a cross-claim against RLM alleging a cause of action for breach of an indemnity agreement relating to NGM's issuance of performance bonds to RLM.

41.     Upon information and belief, on or about November 10, 2022, RLM removed the Underlying Suit to the Southern District of Iowa such that the case is now captioned *City of West Des Moines, Iowa v. RLM Underground, LLC, et al.*, Case No. 22-CV-382 (S.D. Iowa).

42.     Upon information and belief, on or about February 10, 2023, RLM filed a third-party complaint against SEI and the other subcontractors on the Project.

43.     Upon information and belief, RLM alleged causes of action for indemnity due the subcontractors' respective obligations to indemnify RLM to the extent they may have caused damages to the City and/or NGM by virtue of their work on the Project.

44.     Upon information and belief, on or about May 12, 2023, RLM (via its counsel) tendered the Underlying Suit to SEI pursuant to the parties' subcontract.

45.     On or about May 17, 2023, SEI first notified Clear Blue about the Project and requested defense and indemnification for the Underlying Suit and RLM's tender.

46.     Clear Blue has agreed to defend SEI and RLM separately (via separate independent counsel) in the Underlying Suit under the 2021/2022 Policy only (subject to a full reservation of rights).

47.     Clear Blue has denied coverage under the 2022/2023 Policy due to application of

the defenses set forth in Count II below; neither SEI nor RLM has disputed that coverage

position.[1]

48.     Clear Blue disputes that it has any obligation to indemnify SEI or RLM under either

of the Policies in connection with any judgment(s) or settlement(s) that might be entered in the

Underlying Suit.

**COUNT I**
**DECLARATION OF NO COVERAGE UNDER THE 2021/2022 Policy**

49.     Clear Blue reasserts and incorporates by reference (as if fully restated herein)

Paragraphs 1 through 48 of this Complaint.

50.     Clear Blue is under no obligation to indemnify SEI or RLM under the 2021/2022

Policy in connection with any judgment(s) or settlement(s) that might be entered in the

Underlying Suit for one or more of the following reasons:

        a.      Coverage is barred, because the Underlying Suit does not allege or involve

"property damage" as defined in the 2021/2022 Policy.

        b.      Coverage is barred, because the Underlying Suit does not allege or involve

"property damage" that was caused by an "occurrence" as defined in the 2021/2022 Policy.

        c.      Coverage is barred, because the Underlying Suit does not allege or involve

"property damage" that occurred during the 2021/2022 Policy's policy period.

        d.      Coverage is barred, because the Underlying Suit alleges or involves

"property damage" that was known to have occurred by an insured prior to the 2021/2022

Policy's policy period.

---

[1] Clear Blue includes Count II herein out of an abundance of caution in case SEI and/or RLM claim an entitlement to coverage under the 2022/2023 Policy.

e.      Coverage is barred, because the 2021/2022 Policy's Expected Or Intended Injury Exclusion applies.

f.      Coverage is barred, because the 2021/2022 Policy's Contractual Liability Exclusion applies.

g.      Coverage is barred, because the 2021/2022 Policy's Damage To Property Exclusions apply.

h.      Coverage is barred, because the 2021/2022 Policy's Damage To Your Work Exclusion applies.

i.      Coverage is barred, because the 2021/2022 Policy's Damage To Impaired Property Or Property Not Physically Injured Exclusion applies.

j.      Coverage is barred, because the 2021/2022 Policy's Recall Of Products, Work Or Impaired Property Exclusion applies.

k.      Coverage is barred, because an insured breached one or more of the 2021/2022 Policy's Notice Conditions.

l.      Coverage is barred, because the 2021/2022 Policy's Contractor's – Professional Liability Exclusion applies.

m.      Coverage is barred, because the 2021/2022 Policy's Designated Operations Covered By A Consolidated (Wrap Up) Insurance Program Exclusion applies.

n.      Coverage is barred, because the 2021/2022 Policy's Pre-Existing Damage – Continuous Or Progressive Exclusion applies.

o.      Coverage is barred, because an insured breached the 2021/2022 Policy's Underground Utility Location Condition.

51.      Upon information and belief, SEI and RLM dispute the applicability of the

defenses set forth in Paragraph 50.

52.     There exists between the parties an actual, immediate and justiciable dispute regarding whether Clear Blue owes an obligation to indemnify SEI or RLM under the 2021/2022 Policy in connection with any judgment(s) or settlement(s) that might be entered in the Underlying Suit.

53.     Clear Blue therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the 2021/2022 Policy.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Clear Blue respectfully prays that this Court:

A.     Enter a declaratory judgment holding that, under the 2021/2022 Policy, Clear Blue is under no obligation to indemnify SEI or RLM under the 2021/2022 Policy in connection with any judgment(s) or settlement(s) that might be entered in the Underlying Suit;

B.     Awarding Clear Blue its costs in this action; and

C.     Awarding Clear Blue such other and further relief as the Court deems just and proper.

## COUNT II
## DECLARATION OF NO COVERAGE UNDER THE 2022/2023 Policy

54.     Clear Blue reasserts and incorporates by reference (as if fully restated herein) Paragraphs 1 through 53 of this Complaint.

55.     Clear Blue is under no obligation to indemnify SEI or RLM under the 2022/2023 Policy in connection with any judgment(s) or settlement(s) that might be entered in the Underlying Suit for the following reasons:

a.      Coverage is barred, because the Underlying Suit alleges or involves "property damage" that was known to have occurred by an insured prior to the 2022/2023 Policy's policy period.

b.      Coverage is barred because the 2022/2023 Policy's Continuous Or Progressive Injury Or Damage Exclusion applies

56.      Upon information and belief, SEI and RLM may dispute the applicability of the defenses set forth in Paragraph 55.

57.      To the extent SEI and/or RLM dispute the applicability of the defenses set forth in Paragraph 55, there exists between the parties an actual, immediate and justiciable dispute regarding whether Clear Blue owes an obligation to indemnify SEI or RLM under the 2022/2023 Policy in connection with any judgment(s) or settlement(s) that might be entered in the Underlying Suit.

58.      Clear Blue therefore is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the 2022/2023 Policy.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Clear Blue respectfully prays that this Court:

A.      Enter a declaratory judgment holding that, under the 2022/2023 Policy, Clear Blue is under no obligation to indemnify SEI or RLM under the 2022/2023 Policy in connection with any judgment(s) or settlement(s) that might be entered in the Underlying Suit;

B.      Awarding Clear Blue its costs in this action; and

C.      Awarding Clear Blue such other and further relief as the Court deems just and proper.

## JURY DEMAND

CLEAR BLUE SPECIALTY INSURANCE COMPANY HEREBY DEMANDS A

TRIAL BY JURY.


Dated:  June 27, 2024


GORDON REES SCULLY MANSUKHANI


By: */s/ Michael J. Carroll*
    Michael J. Carroll  AT0013555
    1701 Ruan Center
    666 Grand Avenue
    Des Moines, Iowa 50309
    Phone:  (515) 204-2845
    mcarroll@grsm.com
    ATTORNEYS FOR CLEAR BLUE
    SPECIALTY INSURANCE